## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHRN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| NA'TAIJA WATSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:** |
| | ) | |
| WILLIAM B. EVANS, M.D., S.C. and ALAN | ) | |
| M. SIMON, as Independent Executor of the | ) | |
| Estate of William B. Evans, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

NOW COMES, NA'TAIJA WATSON, by and through her attorneys, Meredith W. Buckley and Seth R. Halpern of Malkinson & Halpern, P.C. and complains of Defendants WILLIAM B. EVANS, M.D., S.C., and ALAN M. SIMON, as Independent Executor of the Estate of William B. Evans, as follows:

I.   **Nature of the Case**

**1.** Plaintiff NA'TAIJA WATSON (hereinafter "Plaintiff" or "Watson), was employed by Defendant WILLIAM B. EVANS, M.D., S.C. as a medial assistant from approximately February 18, 2019, through her termination on or about August 16, 2019.

**2.** This is an individual action brought by Plaintiff for violation of the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.* and Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. 2000e *et seq.*

**3.** Plaintiff alleges violations based on Defendant unlawfully requiring Plaintiff to take a medical leave because of pregnancy, discrimination based on pregnancy and wrongful termination based of pregnancy.

4.      As a result of the egregious and unlawful conduct of Defendant, examples of which are more fully set forth herein, Plaintiff's career has been negatively impacted, she has lost wages and benefits and she has suffered and continues to suffer from significant emotional distress related to Defendant's unlawful conduct. Plaintiff seeks all damages she is entitled to under law, including those for compensatory and punitive damages, reasonable attorneys' fees and costs and other appropriate legal and equitable relief.

II.     **Jurisdiction and Venue**

5.      This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* This Court has supplemental jurisdiction over Plaintiff's Illinois Human Rights Act claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this jurisdictional district pursuant to 28 U.S.C. § 1391 because substantial parts of the events, acts and omissions giving rise to the claims herein occurred in this judicial district, Defendant resides in this district, and this is where Plaintiff suffered the primary harm from Defendant's actions.

III.    **Parties**

7.      Plaintiff is a citizen of the United States and presently resides and at all relevant times did reside in Cook County, Illinois.

8.      Defendant William B. Evans, M.D., S.C., at all times relevant was an Illinois corporation, that operated medical clinics in Blue Island, Orland Park, Matteson and Chicago Heights, Illinois.

9.      During the course of her employment, Plaintiff worked primarily at the Matteson location but she periodically did work and travel to the other medical clinics that were owned

and operated by Defendant. All locations were managed and operated by the Defendant's same supervisory personnel and operated under the same rules, policies, procedures and practices.

10.    At all relevant times, Defendant qualified as an employer as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e (b).

11.    At all times relevant Defendant qualified as an employer as defined by the Illinois Human Rights Act for the pregnancy related claims asserted herein, 775 ILCS 5/2-101(B)(1)(b).

12.    At all times relevant Plaintiff qualified as an employee as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e (f).

13.    At all times relevant Plaintiff qualified as an employee as defined by the Illinois Human Rights Act, 775 ILCS 5/2-101 (A).

14.    At all times relevant, Plaintiff performed her job duties satisfactorily and to the reasonable expectations of Defendant.

15.    William B. Evan, at all relevant times and throughout the course of Plaintiff's employment, was the owner and president WILLIAM B. EVANS, M.D., S.C..  William B. Evans died on April 28, 2020.  ALAN M. SIMON, as Independent Executor of the Estate of William B. Evans is named as a successor in interest to WILLIAM B. EVANS, M.D.. S.C.

## IV.    Procedural Requirements

16.    Plaintiff has complied with all administrative requirements by filing a timely Charge of Discrimination with the Illinois Department of Human Rights (2020 CF 1091) which was cross filed with the U.S. Equal Employment Opportunity Commission (21 BA 00375). Plaintiff's Charges of Discrimination were filed on November 7, 2019.  A true and correct copy of Plaintiff's Charge of Discrimination is attached hereto as Exhibit A.

17.     On or about March 15, 2021, Plaintiff received a Notice of Substantial Evidence from the Illinois Department of Human Rights for Plaintiff's underlying Charges of Discrimination and as such, Plaintiff claims asserted herein, arising from her Charge of Discrimination filed with the IDHR, are timely. A true and correct copy of the IDHR's Notice of Substantial Evidence is attached hereto as Exhibit B.

18.     On May 24, 2021, Plaintiff received a Notice of Right to Sue from the U.S. EEOC on her cross-filed Charge of Discrimination and, as such, Plaintiff's claims asserted herein, arising from her Charge of Discrimination cross-filed with the U.S. EEOC, are timely.  A true and correct copy of the U.S. EEOC's Notice of Right to Sue is attached hereto as Exhibit C.

V.     **Common Allegations**

19.     Plaintiff was hired by Defendant WILLIAM B. EVANS, M.D. S.C. on or about February 18, 2019, as a medical assistant.  Plaintiff worked continually in that position up until her termination on or about August 16, 2019.

20.     In May of 2019, Plaintiff informed supervisor, Sarita Johnson, and office manager, Zachary Thomas, that she was pregnant and due to give birth in November 2019.

21.     At no point during Plaintiff's employment with Defendant did she request an accommodation because of her pregnancy.  Despite her pregnancy, Plaintiff was able to perform all essential functions of her job.

22.     Shortly after she informed Defendant of her pregnancy, Plaintiff was continuously and repeatedly subjected to offensive questions and comments from her supervisor, Sarita Johnson, and office manager, Zachary Thomas, about her ability to perform her job duties because of her pregnancy.  Such comments included but are not limited to:

        a.   Telling Plaintiff that she should not room patients because she moved too slow;

    b.   Telling Plaintiff that she should not bend down or reach as she could harm the baby;

    c.   Criticizing Plaintiff that she was moving too fast ("like a jack rabbit") and that she could harm the baby;

    d.   Criticizing Plaintiff for continuing to work while pregnant; and

    e.   Repeatedly telling Plaintiff she needed to sit down or rest.

23.    After Plaintiff informed Defendant of her pregnancy, Defendant altered Plaintiff's job assignment placing her three days a week at the front desk, primarily answering the phone and processing patient paperwork, and two days a week attending to patients. Plaintiff did not request this change in her job duties but was told the change was due to her pregnancy.

24.    On or about August 16, 2019, office manager, Zachary Thomas, told Plaintiff that he and Dr. William Evans were concerned about Plaintiff's ability to continue working because of her pregnancy and that she was considered a "liability" because of her pregnant status. Office manager Thomas also told Plaintiff that it was around this time in her pregnancy that "mothers typically take a leave of absence." Accordingly, at this time, Defendant placed Plaintiff on an involuntary unpaid medical leave for the remaining months of her pregnancy.

25.    Plaintiff had not requested a medical leave and intended to continue work up until her delivery date. On August 16, 2019, Plaintiff objected to being placed on an unrequested, unpaid medical leave because of her pregnancy.

26.    Office manager Thomas responded that Plaintiff would be unable to work until she presented Defendant with a medical release stating that Plaintiff was medically able to work, without the need for accommodations.

27.    On August 19, 2019, Plaintiff provided Defendant with a medical release that stated: "Nataija Watson has an intrauterine pregnancy of 25 w 1 d. Nataija has no restrictions."

28.     Despite providing Defendant with a medical release indicating that she did not have any restrictions related to her pregnancy, Defendant refused to allow Plaintiff to return to work and placed Plaintiff on an unpaid leave of absence until further notice because Plaintiff's medical release and her ability to return to work had to be reviewed by Dr. William Evans and Dr. Evan's attorney and, according to Defendant, Plaintiff remained a "liability" because of pregnancy.

29.     Plaintiff then demanded that Defendant provide her something in writing indicating that she was not abandoning her position, that she provided the requested medical release indicating she had no restrictions related to her pregnancy and that Defendant was refusing to allow her to return to work because of her pregnancy.  Defendant refused to provide Plaintiff anything in writing and instead called the Matteson Police Department seeking to have Plaintiff removed from the premises.

30.     In refusing to allow Plaintiff to work because of her pregnancy, Defendant terminated Plaintiff's employment on August 16, 2019.

### COUNT I

**Discrimination and Requirement to accept unrequested medical leave and/or accommodations related to pregnancy – Illinois Human Rights Act**

31.     Plaintiff repeats and re-alleges Paragraphs 1-30 of the Complaint as if fully set forth herein as Paragraph 31.

32.     During the course of her employment with Defendant, Plaintiff was medically able to perform all essential functions of her job, despite her pregnancy.

33.     At no time during her employment did Plaintiff request an accommodation because of her pregnancy.

6

34.     At no time during her employment did Plaintiff request a change in her job duties because of her pregnancy.

35.     Plaintiff intended to work up until her delivery date in November of 2019 and did not request any medical leave because of her pregnancy.

36.     Defendant engaged in the unlawful employment practices, in violation of the Illinois Human Rights Act, 775 ILCS 5/2-102(I), which include but are not limited to:

   a.  Continually and repeatedly making discriminatory and offensive comments to Plaintiff about her ability or perceived inability to perform her job duties because of her pregnancy;

   b.  Continually and repeatedly making discriminatory and offensive comments to Plaintiff about how pregnant women should not be working;

   c.  changing Plaintiff's job duties because of her pregnancy;

   d.  forcing accommodations onto Plaintiff because of her pregnancy, even though Plaintiff did not request or need such accommodations;

   e.  Requiring Plaintiff to go on an unrequested, unpaid medical leave because of her pregnancy; and

   f.  Refusing to accept a medical release stating Plaintiff did not have any work restrictions and refusing to allow Plaintiff to return to work, thereby terminating her employment.

37.     The above-described acts of Defendant violate the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.*

38.     In discriminating against Plaintiff because of her pregnancy, Defendant acted maliciously, and/or recklessly, and/or with deliberate indifference.

39.     As a result of Defendant's unlawful acts, Plaintiff has been damaged inasmuch as she lost pay and benefits since August 16, 2019, her career has been negatively impacted and she has and continues to suffer from emotional distress, embarrassment, humiliation and mental anguish.

7

WHEREFORE, Plaintiff, NA'TAIJA WATSON, respectfully requests that this Court enter an order:

(a)  Declaring the conduct of Defendant, WILLIAM EVANS M.D., S.C., and its agents and employees, as described herein is in violation of the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.;*

(b) Awarding Plaintiff all back pay and wages, benefits and other compensation she lost, including interest, as a result of Defendant's conduct;

(c) Awarding Plaintiff compensatory damages and damages for emotional distress;

(d) Awarding Plaintiff reasonable attorney fees' and costs; and

(e) Awarding Plaintiff any other and further relief she is entitled to under law and that this Court deems just and proper.

## COUNT II
### Discrimination and Requirement to accept unrequested medical leave and/or accommodations related to pregnancy – Title VII of the Civil Rights Act

**40.** Plaintiff repeats and re-alleges Paragraphs 1-30 of the Complaint as if fully set forth herein as Paragraph 40.

**41.** During the course of her employment with Defendant, Plaintiff was medically able to perform all essential functions of her job, despite her pregnancy.

**42.** At no time during her employment did Plaintiff request an accommodation because of her pregnancy.

**43.** At no time during her employment did Plaintiff request a change in her job duties because of her pregnancy.

**44.** Plaintiff intended to work up until her delivery date in November of 2019 and did not request any medical leave because of her pregnancy.

45.     Defendant engaged in the unlawful employment practices, in violation of the Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. 2000e *et seq,* which include but are not limited to:

      **a.**   Continually and repeatedly making discriminatory and offensive comments to Plaintiff about her ability or perceived inability to perform her job duties because of her pregnancy;

      **b.**   Continually and repeatedly making discriminatory and offensive comments to Plaintiff about how pregnant women should not be working;

      **c.**   Repeatedly telling Plaintiff she was a "liability" because of her pregnancy;

      **d.**   changing Plaintiff's job duties because of her pregnancy;

      **e.**   forcing accommodations onto Plaintiff because of her pregnancy, even though Plaintiff did not request or need such accommodations;

      **f.**   Requiring Plaintiff to go on an unrequested, unpaid medical leave because of her pregnancy; and

      **g.**   Refusing to accept a medical release stating Plaintiff did not have any work restrictions and refusing to allow Plaintiff to return to work, thereby terminating her employment.

46.     The above-described acts of Defendant violate Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. 2000e *et seq*

47.     In discriminating against Plaintiff because of her pregnancy, Defendant acted maliciously, and/or recklessly, and/or with deliberate indifference.

48.     As a result of Defendant's unlawful acts, Plaintiff has been damaged inasmuch as she lost pay and benefits since August 16, 2019, her career has been negatively impacted and she has and continues to suffer from emotional distress, embarrassment, humiliation and mental anguish.

WHEREFORE, Plaintiff, NA'TAIJA WATSON, respectfully requests that this Court enter an order:

(a)  Declaring the conduct of Defendant, WILLIAM EVANS M.D., S.C., and its agents and employees, as described herein is in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. 2000e *et seq*

(b) Awarding Plaintiff all back pay and wages, benefits and other compensation she lost, including interest, as a result of Defendant's conduct;

(c) Awarding Plaintiff compensatory damages and damages for emotional distress;

(d) Awarding Plaintiff punitive damages to the fullest extent allowable under law;

(e) Awarding Plaintiff reasonable attorney fees' and costs; and

(f) Awarding Plaintiff any other and further relief she is entitled to under law and that this Court deems just and proper.

## COUNT III
## Adverse Action and Wrongful Termination – Illinois Human Rights Act

**49.**     Plaintiff repeats and re-alleges Paragraphs 1-30 of the Complaint as if fully set forth herein as Paragraph 49.

**50.**     During the course of her employment with Defendant, Plaintiff was medically able to perform all essential functions of her job, despite her pregnancy.

**51.**     Plaintiff intended to work up to her due date in November of 2019 and at no time during her employment did she request or need a medical leave because of her pregnancy.

**52.**     On or about August 16, 2019, Defendant forced Plaintiff on an unrequested, unjustified and unpaid medical leave because of her pregnancy.

**53.**     On or about August 19, 2019, Defendant refused to accept Plaintiff's medical release from doctor which stated she was able to work and had no restrictions because of her pregnancy.

**54.**     In refusing to allow Plaintiff to work and placing her on an unrequested, unjustified, and unpaid medical leave because of her pregnancy, Defendant denied Plaintiff

employment opportunities, took adverse action against Plaintiff and terminated her employment because of her pregnancy, all in violation of the Illinois Human Rights Act, 775 ILCS 5/1-202 *et seq.*

55.     In forcing Plaintiff to take an unrequested, unjustified and unnecessary medical leave of absence and terminating Plaintiff's employment because of her pregnancy, Defendant acted maliciously, and/or recklessly, and/or with deliberate indifference.

56.     As a result of Defendant's unlawful acts, Plaintiff has been damaged inasmuch as she lost pay and benefits since August 16, 2019, her career has been negatively impacted and she has and continues to suffer from emotional distress, embarrassment, humiliation and mental anguish.

WHEREFORE, Plaintiff, NA'TAIJA WATSON, respectfully requests that this Court enter an order:

(a)  Declaring the conduct of Defendant, WILLIAM EVANS M.D., S.C., and its agents and employees, as described herein is in violation of the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.;*

(b) Awarding Plaintiff all back pay and wages, benefits and other compensation she lost, including interest, as a result of Defendant's conduct;

(c) Awarding Plaintiff compensatory damages and damages for emotional distress;

(d) Awarding Plaintiff reasonable attorney fees' and costs; and

(e) Awarding Plaintiff any other and further relief she is entitled to under law and that this Court deems just and proper.

## COUNT IV
### Adverse Action and Wrongful Termination – Title VII of the Civil Rights Act

57.     Plaintiff repeats and re-alleges Paragraphs 1-30 of the Complaint as if fully set forth herein as Paragraph 57.

58.     During the course of her employment with Defendant, Plaintiff was medically able to perform all essential functions of her job, despite her pregnancy.

59.     Plaintiff intended to work up to her due date in November of 2019 and at no time during her employment did she request or need a medical leave because of her pregnancy.

60.     On or about August 16, 2019, Defendant forced Plaintiff on an unrequested, unjustified and unpaid medical leave because of her pregnancy.

61.     On or about August 19, 2019, Defendant refused to accept Plaintiff's medical release from doctor which stated she was able to work and had no restrictions because of her pregnancy.

62.     In refusing to allow Plaintiff to work and placing her on an unrequested, unjustified, and unpaid medical leave because of her pregnancy, Defendant denied Plaintiff employment opportunities, took adverse action against Plaintiff and terminated her employment because of her pregnancy, all in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. 2000e *et seq.*

63.     In forcing Plaintiff to take an unrequested, unjustified and unnecessary medical leave of absence and terminating Plaintiff's employment because of her pregnancy, Defendant acted maliciously, and/or recklessly, and/or with deliberate indifference.

64.     As a result of Defendant's unlawful acts, Plaintiff has been damaged inasmuch as she lost pay and benefits since August 16, 2019, her career has been negatively impacted and she has and continues to suffer from emotional distress, embarrassment, humiliation and mental anguish.

WHEREFORE, Plaintiff, NA'TAIJA WATSON, respectfully requests that this Court enter an order:

(a)  Declaring the conduct of Defendant, WILLIAM EVANS M.D., S.C., and its agents and employees, as described herein is in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. 2000e *et seq*

(b) Awarding Plaintiff all back pay and wages, benefits and other compensation she lost, including interest, as a result of Defendant's conduct;

(c) Awarding Plaintiff compensatory damages and damages for emotional distress;

(d) Awarding Plaintiff punitive damages to the fullest extent allowable under law;

(e) Awarding Plaintiff reasonable attorney fees' and costs; and

(f) Awarding Plaintiff any other and further relief she is entitled to under law and that this Court deems just and proper.

## COUNT V
### Successor Entity – Alan M. Simon as Independent Executor of the Estate of William B. Evans

**65.** Plaintiff repeats and re-alleges paragraphs 1-64 as paragraph 65 of the Complaint and as if fully set forth herein.

66. William B. Evans was the owner and president of the Defendant WILLIAM B. EVANS, M.D., S.C., which operated several medical offices.

67. On Apri1 28, 2020, William B. Evans died.

68. Plaintiff had filed her Charges of Discrimination prior to William B. Evan's death, doing so on November 7, 2019.

69. On June 25, 2020, a Fact Finding Conference was held at the Illinois Department of Human Rights for Plaintiff's underlying Charge of Discrimination against Defendant WILLIAM B. EVANS, M.D., S.C.

70.     Alan M. Simon attended and participated in such Fact Finding Conference, identifying himself for the record as "Executor of Respondent's Estate".  A true and correct copy of the Fact Finding Attendance Form is attached hereto as Exhibit D.

71.     Accordingly, the Estate of William B. Evans had notice of and participated in Plaintiff's underlying Charge of Discrimination regarding the claims set forth herein.

72.     The Estate of William B. Evan participated in the continuity of WILLIAM B. EVANS, M.D., S.C., business following the death of William B. Evans.

73.     Defendant WILLIAM B. EVANS, M.D., S.C., involuntary dissolved on February 12, 2021.

73.     The Illinois Department of Human Right issued its Notice of Substantial Evidence, permitting Plaintiff to file this current cause of action, on March 15, 2021.

74.     On May 7, 2021, Letter of Office were entered in the Probate Division of the Circuit Court of Cook County, naming Alan M. Simon as Independent Executor of the Estate of William B. Evans, M.D.  A true and correct copy of such Letter of Office is attached hereto as Exhibit E.

75.     Successor liability is recognized in employment discrimination lawsuits and exists with the primary purpose to provide the harmed employee with full relief.

76.     The Estate of William B. Evans had prior notice of Plaintiff's claims and participated in the underlying investigation of Plaintiff's Charges of Discrimination and engaged in the continuity of WILLIAM B. EVANS M.D., S.C.'s business operations following William B. Evans' death.  As such, the Estate of William B. Evans, as a successor entity, should provide relief to Plaintiff for any and all damages she is entitled to for her claims set forth herein.

WHEREFORE, Plaintiff, NA'TAIJA WATSON, respectfully requests that this Court

enter an order:

    (a)  Declaring Defendant ALAN M. SIMON, as INDEPENDENT EXECUTOR OF THE ESTATE OF WILLIAM B. EVANS, M.D., liable for any and all damages awarded to Plaintiff that are not satisfied by Defendant William B. Evans, M.D., S.C.; and

    (b) Awarding Plaintiff any other and further relief she is entitled to under law and that this Court deems just and proper.

Respectfully Submitted,

s/Meredith W. Buckley
Meredith W. Buckley

Seth R. Halpern
Meredith W. Buckley
MALKINSON & HALPERN, P.C.
33 N. Dearborn St., Suite 1540
Chicago, Illinois 60602
(312) 427-9600
shalpern@mhtriallaw.com
mbuckley@mhtriallaw.com